CITY OF FAIRBORN, APPELLEE, *v.* DOUGLAS, APPELLANT.

(No. 88-CA-3 — Decided June 23, 1988.)

*Joe R. Fodel,* prosecuting attorney, for appellee.
*Michael R. Douglas, pro se.*

BROGAN, J. Appellant, Michael R. Douglas, was charged in the Fairborn Municipal Court with public indecency in violation of Section 569.04 of the Fairborn City Ordinances and disorderly conduct in violation of Section 573.03 of the same ordinances.

The appellant was represented by counsel and after a trial by jury was convicted of both charges. The court sentenced the defendant to thirty days in jail on each charge to be served consecutively and fined the defendant $500 plus costs. From this judgment, appellant has appealed and filed a *pro se* appellate brief.

The record of trial reveals that the city produced five teenage girls who testified that the defendant stood at his apartment window and exposed himself to them over a three- or four-minute period. The girls informed the manager of the bar located beneath the defendant's apartment who called the police.

Two Fairborn police detectives responded to the call and went to the defendant's apartment. After knocking and receiving no response, they entered the defendant's apartment and found him in bed wearing underclothes. The defendant responded with obscenities and challenged the officers' right to enter his apartment without a warrant.

The officers informed the defendant they were not there to arrest the defendant but to question him concerning the girls' complaint concerning the indecent exposure. The officers testified that the defendant continued to argue with them and to direct obscenities at them. The officers testified they tried to quiet down the defendant but he persisted in causing a disturbance. The defendant was then arrested for disorderly conduct.

Officer Edward Faulkner testified the defendant admitted to changing his clothes in the apartment described by the complainants but denied intentionally exposing himself to anyone.

The defendant's girlfriend, Carla Mingle, testified the defendant changed his clothes in the apartment. She stated he removed a bathrobe and put on his clothes. She stated the room was well lighted, but defendant was not near the window when changing into his clothes. She opined that if the young girls saw the defendant nude, it must have been an "accident."

The defendant called his roommate, William Goswick, to testify. He denied knowledge of the details of the incident leading to the defendant's arrest.

The defendant testified he took off his bathrobe and was nude prior to getting dressed. He stated "he didn't think anything about the windows being open." He denied being abusive to the investigating officers. He admitted being angry that the officers entered his apartment without a warrant.

The defendant admitted having a problem with a couple of exposure cases about a year and a half before the incident in Fairborn. He admitted attending counseling for his problem.

On cross-examination, the defendant admitted having two prior convictions for public indecency. He admitted that one conviction involved his standing in front of a second story window and exposing himself to a hospital nurse. He stated he was wrongfully convicted for the other offense because his roommate Goswick was the responsible party.

Appellant contends in his four assignments of error that his assigned trial counsel, a public defender, provided ineffective assistance in failing to move to dismiss the charges because of the illegal entry made by the Fairborn Police Department.

An illegal arrest does not generally require the dismissal of criminal charges although it will require the suppression of evidence obtained as a product of an illegal search and seizure.[1] The conduct of the defendant surrounding the disorderly conduct charge involved the defendant's actions after the officers' entry into his apartment. Absent exigent circumstances, a search warrant is a requirement to entry into a private dwelling. *State* v. *Hyde* (1971), 26 Ohio App. 2d 32, 55 O.O. 2d 52, 268 N.E. 2d 820. No such exigency or emergency existed here. See *Steagald* v. *United States* (1981), 451 U.S. 204. As such, a motion to dismiss the disorderly conduct charge was appropriate. Counsel's failure to so move was a departure from reasonably effective representation and prejudice ensued to the defendant. *Strickland* v. *Washington* (1984), 466 U.S. 668. The public indecency conviction was not dismissable merely because the officers illegally entered appellant's apartment.

Appellant contends that counsel was ineffective in not moving to suppress new evidence brought up by the city just before trial. Appellant contends this relates to his past record. Appellant admitted at trial to having two prior convictions for public in-

---

[1] *Mapp* v. *Ohio* (1961), 367 U.S. 643.

decency. We find no merit to this assignment.

Lastly, appellant contends his trial counsel asked irrelevant questions of Goswick. He contends Goswick was not asked about the facts surrounding the charged misconduct of appellant. This assignment has no merit. Goswick was asked what he knew about the incident, but he claimed ignorance of the events surrounding appellant's arrest.

For the reasons stated in our treatment of appellant's first assignment, the judgment and sentence relating to the disorderly conduct charge is reversed. The judgment and sentence as to the public indecency charge is affirmed.

*Judgment reversed in part and affirmed in part.*

WOLFF, and FAIN, JJ., concur.