OPINION
Defendant-appellant Kenneth Thompson appeals from his conviction and sentence, following a guilty plea, upon three counts of Aggravated Trafficking. Thompson claims that his guilty plea was not knowing and intelligent, because of the ineffectiveness of his trial counsel. We have reviewed the record with respect to each of Thompson's claims, and we conclude that the record fails to demonstrate that his trial counsel was ineffective. Accordingly, the judgment of the trial court is Affirmed.
 I
Thompson was arrested and charged by indictment with one count of Engaging in a Pattern of Corrupt Activity, and seven counts of Aggravated Trafficking in crack cocaine. Two of the Aggravated Trafficking counts included a specification that the offense occurred within 1,000 feet of a school.
Shortly before trial, Thompson entered into a plea bargain with the State, wherein he pled guilty to three counts of Aggravated Trafficking, with no specifications, and the State dismissed the remaining counts. Thompson also agreed to testify against a co-defendant. The State agreed to recommend a sentence of 12 years. There are other terms of the agreement pertaining to the forfeiture of property, but they are not material to this appeal.
Following a hearing, the trial court accepted Thompson's guilty plea. At a subsequent hearing, Thompson was sentenced to four years on each of the three counts, to be served consecutively, for a total of 12 years, as recommended by the State.
Thompson moved for leave to file a delayed appeal, which this court ultimately granted. Thompson filed his own, pro se brief. The State has filed no answer brief. By entry dated August 30, 1999, we advised Thompson that if he was indigent, and if he wished to have counsel appointed to represent him, he should file a financial disclosure/affidavit of indigency form, and move for the appointment of appellate counsel. We allowed Thompson 30 days in which to do that. Thompson has not sought the appointment of appellate counsel. Accordingly, this appeal is submitted on Thompson's brief, the State not having filed an answer brief.
 II
Thompson's sole assignment of error is as follows:
 JAMES SKOGSTROM, COUNSEL FOR THOMPSON, FAILS TO PROVIDE AN INDEPENDENT ADVERSARIAL DEFENSE FOR THOMPSON IN VIOLATION OF ARTICLE I, § 10 OF THE OHIO AND THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION. DENYING THOMPSON'S FOURTH, FIFTH, AND FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, §§ 1, 14, AND 16 OF THE OHIO CONSTITUTION.
Although Thompson claims but one assignment of error, he presents six issues of law.
 A
For his first issue of law, Thompson contends that his trial counsel was ineffective for having failed to move to suppress evidence obtained as the result of an unlawful search. Thompson acknowledges that the search in this case was pursuant to a warrant.
There is nothing in the record to suggest that a motion to suppress, had one been made, would have been likely to have succeeded. By pleading guilty, of course, Thompson waived any claim that evidence had been obtained as the result of an unlawful search. The issue, then, is whether Thompson's decision to plead guilty was knowing and intelligent, or whether it was the result of bad advice from his trial counsel. On this record, there is no way to tell. Thompson obtained significant concessions as the result of the plea bargain — the dismissal of the Engaging in a Pattern of Corrupt Activity count, and four of the Aggravated Trafficking counts, as well as the specifications, with respect to two of the Aggravated Trafficking counts, that the offenses occurred within 1,000 feet of a school.
Thompson directs our attention to Fairborn v. Douglas (1988),49 Ohio App.3d 20. In that case, we held that a defendant was entitled, in a direct appeal from his conviction and sentence, to a reversal because of the ineffectiveness of his trial counsel in having failed to move to suppress evidence against him. However, that case involved a conviction after a jury trial, in which facts were clearly developed, establishing that the warrantless search in that case was not accompanied by any exigent circumstances justifying a warrantless search. Because we concluded that, based on the record in that case, a motion to suppress, had it been made, would clearly have succeeded, we reversed the conviction and sentence in that case.
In the case before us, to the contrary, there has been no trial at which facts pertaining to the search issue have been developed, and there is no way that we can determine, from this record, that a motion to suppress, had it been made, would likely have succeeded. Therefore, we reject Thompson's claim that his trial counsel was ineffective for having failed to move to suppress the evidence.
 B
Thompson's next claim is that the evidence against him was too weak to support the charges to which he pled guilty. He argues that he had an alibi defense to some of the charges.
Because this is a direct appeal from his conviction and sentence, Thompson must demonstrate error in the record. We have reviewed the record, and there is nothing in the record to support Thompson's claim that there was insufficient evidence to support a conviction on the charges to which he pled guilty. Accordingly, this claim is rejected.
 C
Thompson next contends that his trial counsel was ineffective for having failed to move for a discharge pursuant to the Speedy Trial statute. R.C. 2945.71 -.73.
Thompson was arrested on August 14, 1996. On October 7, 1996, Thompson moved to sever his trial from that of his co-defendants, and also moved for a continuance. As Thompson points out, however, that motion for continuance was denied the next day, October 8, 1996. At that time, Thompson's trial was scheduled to begin on October 17, 1996.
On October 16 and 17, 1996, Thompson again moved for continuance of his trial. Although we have not been able to find in the record a ruling on his motion, it is clear that he was not tried on October 17, as had been scheduled, but that, on October 31, 1996, his trial was rescheduled for December 16, 1996. On December 12, 1996, Thompson pled guilty, pursuant to the plea bargain with the State.
In view of the foregoing, it is far from clear, from this record, that a motion for discharge pursuant to the Speedy Trial statute would have been likely to have succeeded, had Thompson's trial counsel made one. It appears that Thompson was scheduled to have been brought to trial within the 90 days allowed (Thompson having been incarcerated), but that the trial was continued pursuant to his motion.
Thompson has failed to demonstrate, upon this record, that his trial counsel was ineffective for having allowed him to plead guilty without first having filed a motion for a Speedy Trial discharge.
 D
Thompson next claims that the State "did not seek to fulfill the requirements as stated in the plea agreement with [him]. " This claims appears to be based upon the fact that although Thompson had agreed to testify against Cleo Perkins, a co-defendant, his testimony became unnecessary as a result of Perkins's having pled guilty. Nevertheless, as the State noted, on the record, at the sentencing hearing, the State stood by its agreement to recommend a sentence of 12 years, even though Thompson's agreement to testify against his co-defendant had become moot. Furthermore, the trial judge imposed the sentence recommended by the State. Therefore, we find no merit to this argument.
 E
Thompson next claims that his trial counsel was ineffective because, although his trial counsel requested a pre-sentence investigation, none was ordered.
The record does reflect that, near the conclusion of the plea hearing, Thompson's trial counsel requested a pre-sentence investigation. Furthermore, there is nothing in the record to reflect that a pre-sentence investigation was ordered by the trial court.
We cannot find that Thompson has demonstrated ineffectiveness of his trial counsel as a result of these facts. Although his trial counsel appears to have been unable to persuade the trial court to order a pre-sentence investigation, his trial counsel did present the court with an assessment done by a Mr. Vanderwood, apparently of McKinley Hall, suggesting that the offenses to which Thompson pled guilty were the result of a dependency on crack cocaine, meriting consideration in mitigation. His trial counsel also presented Eric Payne, who gave a statement at the sentencing hearing on Thompson's behalf. Payne told the trial court that he had a treatment center available for Thompson, and suggested that Thompson was more in need of rehabilitation than incarceration.
Upon this record, it appears that Thompson's trial counsel did everything reasonably within his power to present the trial court with mitigating circumstances to consider in connection with sentencing. The record fails to demonstrate that Thompson's trial counsel was ineffective in this regard.
 F
Finally, Thompson contends that the cumulative effect of all of the claims he has made deprived him of the right to a fair trial, citing State v. Garner (1995), 74 Ohio St.3d 49, and State v. DeMarco (1987), 31 Ohio St.3d 191.
Because we have rejected each of Thompson's claims, there is nothing to cumulate. The significance of cumulation is where there are multiple violations of a defendant's rights, no one of which is significantly prejudicial to justify a reversal, but their cumulative effect is sufficient to justify a reversal. In the case before us, we find no constitutional violations. Therefore, there is nothing to cumulate.
We find no merit to any of Thompson's claims. Therefore, his sole assignment of error is overruled.
 III
Thompson's sole assignment of error having been overruled, the judgment of the trial court is Affirmed.
BROGAN, and KERNS, JJ., concur.
(Honorable Joseph D. Kerns, Retired from the Court of Appeals, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Stephen C. Collins
Kenneth Thompson
Hon. Gerald F. Lorig