JOURNAL ENTRY and OPINION
Charles Tucker, defendant-appellant, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Criminal Division, Case No. CR-358025, in which defendant-appellant entered a plea of guilty to the offenses of pandering sexually oriented matter involving a minor and corruption of a minor. Defendant-appellant also appeals from the trial court's determination that he be classified as a habitual sexual offender subject to all attendant registration and notification requirements. Defendant-appellant assigns three errors for this court's review.
Defendant-appellant's appeal is not well taken.
On September 17, 1997, the Cuyahoga County Grand Jury returned a two count indictment, Case No. CR-354719, against defendant-appellant. The first count of the indictment charged defendant-appellant with kidnapping in violation of R.C. 2905.01. The second count of the indictment charged defendant-appellant with rape in violation R.C. 2907.02. Each count contained a violence specification and a sexual motivation specification.
Subsequently, on December 16, 1997, defendant-appellant was arraigned on an information, Case No. CR-358025, in which defendant-appellant was charged with one count of pandering sexually oriented matter involving a minor, in violation of R.C.2907.322, and corruption of a minor, in violation of R.C.2907.04. Defendant-appellant acknowledged a written waiver of indictment with counsel in open court. Defendant-appellant then entered a plea of not guilty to the information in Case No. CR-358025.
Immediately thereafter, defendant-appellant entered into a plea agreement whereby he entered a plea of guilty to pandering sexually oriented matter involving a minor and corruption of a minor as charged in the information in Case No. CR-358025. The indictment in Case No. CR-354719 was then dismissed pursuant to the plea agreement. Prior to accepting the plea of guilty, the trial court informed defendant-appellant of his constitutional rights as well as all possible penalties and sentences which COULD be imposed. Defendant-appellant responded that he understood the nature of the proceedings and was satisfied with the representation of trial counsel. The trial court referred defendant-appellant to the Cuyahoga County Probation Department for completion of a pre-sentence investigation and report. Defendant-appellant was informed at this time that he could be adjudicated as a sexual offender at the time of sentencing. (T. 14.)
On January 22, 1998, defendant-appellant appeared for sentencing. At this time, defense counsel addressed the trial court, acknowledged the contents of the pre-sentence investigation and report and referred to a videotape defendant-appellant had made of his sexual encounter with the victim. The mother of the victim and the victim herself then addressed the trial court. Finally, defendant-appellant read a prepared statement in which he acknowledged bad judgment and apologized to the victim and her family. The trial court sentenced defendant-appellant to a five year term of imprisonment on the first count of the information and an eighteen month term of imprisonment on count two. Both sentences were to be served concurrently. At the time of the plea and sentence, defendant-appellant was on probation to the trial court in Case No. CR-327303 in which he had previously entered a plea of guilty on November 21, 1995, to corruption of a minor. The trial court terminated probation as to that case as of the sentencing date. Prior to imposing the sentence, the trial court determined that, in light of defendant-appellant's prior sexual conviction in Case No. CR-327303, defendant-appellant should be classified as a habitual sexual offender subject to all registration and notification requirements set forth in R.C. 2950.01 et seq.
On July 27, 1998, defendant-appellant filed a motion for leave to appeal from the judgment of the trial court. This court granted defendant-appellant's motion for leave to appeal that same day. The instant appeal follows.
Defendant-appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED IN FAILING TO MAKE A FINDING GIVING REASONS FOR THE SENTENCE IMPOSED WHERE THE OFFENDER HAD NOT PREVIOUSLY SERVED A PRISON TERM.
Defendant-appellant argues, through his first assignment of error, that the trial court improperly failed to consider or articulate its reasons for the particular sentence imposed in accordance with R.C. 2929.19 (B). Specifically, defendant-appellant maintains that the trial court failed to deal, in any dispositive way, with the seriousness and recidivism factors outlined in R.C. 2929.12. It is defendant-appellant's position that the trial court erred by imposing a five year sentence of incarceration on the first count absent a finding that defendant-appellant either committed the "worst" form of the offense or posed the "greatest" likelihood of recidivism.
The offense of pandering sexually oriented matter involving a minor to which defendant-appellant pleaded guilty is a felony of the second degree. For a felony of the second degree there is a presumption that a prison term is necessary to comply with the principles and purposes of felony sentencing as set forth in R.C.2929.11. In such cases, the trial court may impose community control sanctions rather than a term of imprisonment only if the court makes both of the following findings pursuant to R.C.2929.13 (D):
 (1) A community control sanction or a combination of community control sanctions would adequately punish the offender and protect the public from future crime, because the applicable factors under section 2929.12 of the Revised Code indicating a lesser likelihood of recidivism outweigh the applicable factors under that section indicating a greater likelihood of recidivism.
 (2) A community control sanction or a combination of community control sanctions would not demean the seriousness of the offense, because one or more factors under section 2929.12 of the Revised Code that indicate that the offender's conduct was less serious than conduct normally constituting the offense are applicable, and they outweigh the applicable factors under that section that indicate that the offender's conduct was more serious than conduct normally constituting the offense.
R.C. 2929.12, which sets forth the factors to be considered in felony sentencing, provides in pertinent part:
 (B) The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense:
 (1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 (2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
* * *
Where the record is silent, an appellate court may presume that the trial court considered the statutory factors when imposing a sentence. State v. Davis (Nov. 1, 1993), Stark App. No. CA-9153, unreported, citing State v. Adams (1988), 37 Ohio St.3d 295,525 N.E.2d 1361. Where a sentence is within the statutorily imposed limits, the appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so.State v. Banks (Nov. 1, 1993), Greene App. No. 92CA112, unreported. In addition, R.C. 2929.14 (B) (2) does not require the trial court to state its reasons for imposing a prison term if such reasons are otherwise apparent in the record. State v.Phillips (June 18, 1997), Hamilton App. No. B-9606134, unreported; State v. White (Jan. 10, 1994), Cuyahoga App. No. 63879, unreported; State v. Taylor (Dec. 26, 1997), Hamilton App. No. C-961141, unreported; State v. Davis (Dec. 3, 1998), Cuyahoga App. Nos. 73680, 73681, 73682, unreported.
In the case sub judice, defendant-appellant was convicted of a second degree felony for which there is a presumption that a prison term is necessary in order to comply with the purposes and principles of sentencing. R.C. 2929.13 (D). A thorough review of the record demonstrates that the trial court considered the statutory factors and determined that the statutory presumption in favor of a prison sentence should be followed. The trial court considered statements from the underage victim of the offense as well as the victim's mother, both of whom maintained that defendant-appellant had caused serious harm to the victim through the commission of the underlying offense. The trial court also considered the pre-sentence investigation and report as well as a videotape of the offense made by defendant-appellant himself. Lastly, the trial court considered defendant-appellant's prior record which includes a conviction for a similar offense in 1995 which tended to demonstrate that defendant-appellant is prone to recidivism. Clearly, a review of the sentencing hearing demonstrates that the trial court properly considered the overriding purpose of felony sentencing: protecting the public from future crime by defendant-appellant as well as punishing defendant-appellant. The trial court considered the statutory factors set forth in R.C. 2929.11 and R.C. 2929.12, therefore, this court cannot now say that the trial court imposed a sentence which was unsupported by the record below or contrary to law. SeeState v. Orlando (Nov. 18, 1998), Lawrence App. No. 97CA57, unreported.
Defendant-appellant's first assignment of error is not well taken.
Defendant-appellant's second assignment of error states:
 II. DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION.
Defendant-appellant argues, through his second assignment of error, that he was denied his constitutional right to effective assistance of counsel during the lower court proceedings. Specifically, defendant-appellant maintains the defense counsel was constitutionally deficient for failing to file a motion to vacate the guilty plea, failing to file a motion to suppress evidence regarding the videotape of the sexual encounter between himself and the underage victim and failing to call witnesses in order to impeach the search and seizure of the videotape, as well as the credibility of the victim.
In order to substantiate a claim of ineffective assistance of counsel, the appellant is required to demonstrate that: 1) the performance of defense counsel was seriously flawed and deficient; and 2) the result of the appellant's trial or legal proceeding would have been different had defense counsel provided proper representation. Strickland v. Washington (1984),466 U.S. 668, State v. Brooks (1986), 25 Ohio St.3d 144.
In reviewing a claim of ineffective assistance of counsel, itmust be presumed that a properly licensed attorney executes his legal duty in an ethical and competent manner. State v. Smith
(1985), 17 Ohio St.3d 98; Vaughn v. Maxwell (1965), 2 Ohio St.2d 299.
The Supreme Court of Ohio, with regard to the issue of ineffective assistance of counsel, held in State v. Bradley
(1989), 42 Ohio St.3d 136, that:
 "When considering an allegation of ineffective assistance of counsel, a two-step process is usually employed. First, there must be a determination as to whether there has been a substantial violation of any of defense counsel's essential duties to his client. Next, and analytically separate from the question of whether the defendant's Sixth Amendment rights were violated, there must be a determination as to whether the defense was prejudiced by counsel's ineffectiveness." State v. Lytle (1976), 48 Ohio St.2d 391, 396-397, 2 O.O.3d 495, 498, 358 N.E.2d 623, 627, vacated in part on other grounds (1978), 438 U.S. 910. This standard is essentially the same as the one enunciated by the United States Supreme Court in Strickland v. Washington (1984), 466 U.S. 668. * * *
 Even assuming that counsel's performance was ineffective, this is not sufficient to warrant reversal of a conviction. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. Cf. United States v. Morrison, 449 U.S. 361, 364-365 (1981)." Strickland, supra, at 691. To warrant reversal, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, supra, at 694. In adopting this standard, it is important to note that the court specifically rejected lesser standards for demonstrating prejudice. * * *
 Accordingly, to show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different.
State v. Bradley, supra, at 141, 142.
In the case herein, a review of the record fails to demonstrate that defense counsel representation of defendant-appellant was constitutionally deficient in any manner. Defendant-appellant initially maintains that defense counsel should have filed a motion to vacate his guilty plea. Defendant-appellant bases this assertion upon the fact that he would not have entered a guilty plea had he known that the videotape could have been excluded from evidence if defense counsel would have filed a motion to suppress evidence. Defendant-appellant maintains further that defense counsel should have filed a motion to suppress the videotape and subpoenaed witnesses to testify in defendant-appellant's behalf at the suppression hearing.
A defendant's constitutional right to effective assistance of counsel does not require defense counsel to file a motion to suppress in every case. State v. Flors (1987), 38 Ohio App.3d 133,139, 528 N.E.2d 950, 956-957. However, where there exists reasonable grounds for filing a motion to suppress, counsel's failure to file the motion may constitute ineffective assistance and warrant reversal. State v. Garrett (1991), 76 Ohio App.3d 57,63, 600 N.E.2d 1130, 1134. Conversely, where there exists no reasonable grounds for the suppression of evidence, a defense attorney has no duty to file a motion to suppress evidence. Statev. Gibson (1980), 69 Ohio App.2d 91, 95, 430 N.E.2d 954, 957.
In this case, there is no evidence in the record to demonstrate that the filing of a motion to suppress would have altered the outcome of the lower court proceedings. More importantly, it is apparent that defense counsel actually relied upon the videotape in question to demonstrate the lack of force involved in the sexual encounter with the minor as a defense to the more serious offenses of rape and kidnapping which were eventually dismissed as part of the negotiated plea agreement to the lesser degree felony offenses of pandering sexually oriented matter involving a minor and corruption of a minor. In this instance, the decision to refrain from filing a motion to suppress evidence is clearly within the realm of trial strategy and did not deprive defendant-appellant of the effective assistance of counsel. Statev. Kelly (Oct. 25, 1990), Cuyahoga App. No. 57601, unreported;State v. Lewis (Aug. 19, 1994), Trumbull App. No. 92-T-4687, unreported.
Accordingly, defendant-appellant's second assignment of error is not well taken.
Defendant-appellant's third and final assignment of error states:
 III. THE TRIAL COURT ERRONEOUSLY CLASSIFIED DEFENDANT-APPELLANT AS A HABITUAL SEXUAL OFFENDER.
Defendant-appellant argues, through his third and final assignment of error, that the trial court improperly classified defendant-appellant as a habitual sexual offender. Specifically, defendant-appellant maintains that the trial court failed to comply with hearing requirements set forth in R.C. 2950.01 (B) (1) by reaching its conclusion without considering any evidentiary factors. It is defendant-appellant's position that the state failed to demonstrate by clear and convincing evidence that he is likely to commit another sexually oriented offense.
R.C. 2950.09 (E), which deals with habitual sexual offenders, provides:
 (E) If a person is convicted of or pleads guilty to committing, on or after the effective date of this section, a sexually oriented offense, the judge who is to impose sentence on the offender shall determine, prior to sentencing, whether the offender previously has been convicted of, or pleaded guilty to a sexually oriented offense. If the judge determines that the offender previously has not been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence that the judge has determined that the offender is not a habitual sex offender. If the judge determines that the offender previously has been convicted of or pleaded guilty to a sexually oriented offense, the judge shall specify in the offender's sentence and the judgment of conviction that contains the sentence that the judge has determined that the offender is a habitual sex offender and may impose a requirement in that sentence and judgment of conviction that the offender be subject to the community notification provisions regarding the offender's place of residence that are contained in sections 2960.10 [2950.10] and 2950.11 of the Revised Code. Unless the habitual sex offender also has been adjudicated as being a sexual predator relative to the sexually oriented offense in question, the offender shall not be subject to those community notification provisions if the court does not impose the requirement described in this division in the offender's sentence and the judgment of conviction.
In this case, the trial court conducted a sentencing hearing on January 22, 1998, during which it heard statements from defense counsel, defendant-appellant, the victim and the victim's mother. The trial court also reviewed the pre-sentence investigation and report. Prior to imposing sentence, the trial court stated:
 Okay. Relative to this case, since this is a sexual offense and we have a prior, I'm going to declare Mr. Tucker to be a habitual sex offender. Mr. Tucker, that means when you change your residence, you have to notify the sheriff of the county where you reside seven days prior to any change of address. In addition to notifying the sheriff, you are also required to register your new residence with the appropriate official in the new county at least seven days prior to changing the address as a habitual sex offender, this will be in place for a period of 20 years.
(T. 24-25.)
Here, it is undisputed that defendant-appellant has a prior conviction of the offense corruption of a minor in violation of R.C. 2907.04. Corruption of a minor is a sexually oriented offense for purposes of R.C. 2950.01 et seq. In addition, the trial court considered statements relating to the harm to the victim caused by defendant-appellant. In light of the fact that defendant-appellant entered a plea of guilty to a sexually oriented offense and has a prior conviction of a sexually oriented offense, it is apparent from the record that the trial court did not err in concluding that defendant-appellant is a habitual sex offender subject to all attendant registration and notification requirements set forth in the statute.
Defendant-appellant's third and final assignment of error is not well taken.
Judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of Appellate Procedure.
McMONAGLE, TIMOTHY E. P.J., and BLACKMON, J., CONCUR.
 _________________________________ MICHAEL J. CORRIGAN JUDGE