THE STATE OF OHIO, APPELLEE, *v.* HYDE, APPELLANT.
(Two cases.)

(Nos. 6614 and 6615—Decided March 31, 1971.)

*Mr. Bruce W. Miller*, prosecuting attorney, for plaintiff.

*Mr. Joseph C. McLeland*, for defendant.

VICTOR, J.  The defendant, Wilford Hyde, appellant herein, was convicted by a jury, in the Cuyahoga Falls Municipal Court, on two charges of assault and battery of police officers. From the orders and sentences entered upon that verdict, he appeals.

On the afternoon of April 2, 1970, the Stow Police Department received a telephone call from an "hysterical woman" requesting that the police come to 1450 Mac Drive in the city of Stow. This call was relayed to Stow police officers, Sergeant Saxe and Patrolman Gauthier. The Mac Drive address was familiar to Gauthier, who had been called there the previous evening. On that occasion, Gauthier entered the residence owned by Hyde and found that Hyde's son had been tied up in the living room by his mother because he had been beating a younger brother.

Gauthier, at the request of Mrs. Hyde, took the older boy to the Fallsview Mental Health Center.

Responding to the call, officers Saxe and Gauthier drove immediately to Mac Drive. After alighting from the cruiser, and as they were approaching the house, they heard loud voices and screaming coming from inside the house. There was a young girl standing on the porch, crying, who said to them: "Get inside, there is trouble in there!" Without questioning her, the officers hurried inside. Upon entering the house, the police observed the defendant with his wife standing on one side of him and a married daughter on the other, each holding one of his arms.

Within a few seconds after seeing the officers, and while moving toward them with a clenched fist, Hdye said either: "who called you bastards," or "who the hell invited you here? Get out!" The officers squirted mace into the face of Hyde. This failed to stop Hyde, and he attacked officer Saxe with both fists and knees. He was finally subdued by both officers, after the use of their night sticks. Hyde was then manacled, hand and foot, and taken to the hospital.

Before trial, defendant moved to suppress the testimony of the police officers as to what took place in the Lome for the reason that the officers, having neither a search nor arrest warrant, had no lawful right to enter the dwelling. This motion was overruled and defendant asserts that the trial court erred in doing so.

We hold that these officers were lawfully on the premises, even though they possessed neither a search warrant nor an arrest warrant at the time they entered the home.

Police officers, as officers of the peace, are charged with the duty to prevent crime, "preserve the peace," and "protect persons and property." R. C. 737.11.

Officers Saxe and Gauthier were responding to an emergency call for help. One officer had in mind the events of the previous night; both had just been informed of the call of an "hysterical woman" urging that the

police be sent to Mac Drive. Upon arriving at that address, and as they walked toward the house, they heard loud voices and screams coming from inside, while observing, at the same time, a young girl, outside on the porch, crying, and beckoning them inside with the words, "get inside, there is trouble in there."

Obviously, under such circumstances, the officers had reasonable grounds to believe that some kind of an emergency existed in the Hyde household, and it was, therefore, their sworn duty to enter and investigate.

"The right of the police to enter and investigate in an emergency without the accompanying intent to either search or arrest is inherent in the very nature of their duties as peace officers * * *." *United States* v. *Barone* (C. C. A. 2), 330 F. 2d 543, at 545.

See, also, *State* v. *Sutton* (Mo.), 454 S. W. 2d 481; *Stevens* v. *State* (Alaska), 443 P. 2d 600; *Patrick* v. *State* (Del.), 227 A. 2d 486.

The present Chief Justice of the United States, speaking for the Court of Appeals for the District of Columbia, in the case of *Wayne* v. *United States* (D. C. Cir.), 318 F. 2d 205, at 212, said:

"Breaking into a home by force is not illegal if it is reasonable in the circumstances." "The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent exigency or emergency."

We find no error in this ruling of the trial court.

Appellant asserts other claims of error which we find unnecessary to enumerate. We have carefully considered all of them, in the light of the record presented, and find none prejudicial to appellant.

Finding no prejudicial error, we affirm the judgments.

*Judgments affirmed.*

DOYLE, P. J., and BRENNEMAN, J., concur.