OPINION
 STATEMENT OF THE FACTS
On March 9. 2001, while investigating an unrelated matter in the same apartment complex, Officer Charlie Roberts of the Newark Police Department noticed that the rear door of Appellant's residence was damaged, i.e. the screen door was broken, the glass door was open and the locking mechanism was broken. (Suppression Hrg. T. at 8). Suspecting a break-in, Officer Roberts radioed for assistance. (Suppression Hrg. T. at 8). Approximately twenty minutes later, Sergeant Crag Rile and Officer Erick McKee arrived as back-up. (Suppression Hrg. T. at 9).
The three officers entered the apartment to determine if there were any suspects or victims present. (Suppression Hrg. T. at 9). The officers observed what appeared to be drug paraphernalia and drugs in plain view. (Suppression Hrg. T. at 11). A search warrant was then obtained based on said information and the resulting search produced said contraband. (Suppression Hrg. T. at 11-12).
 STATEMENT OF THE CASE
On March 9, 2001, a warrant was issued authorizing the search of Appellant's residence. As a result of said search, evidence was seized.
On April 9, 2001, Appellant was indicted on one count of Possession of Crack Cocaine and one count of Possession of Drug Paraphernalia.
On May 29, 2001, Appellant filed a Motion to Suppress.
On October 1, 2001, following an oral hearing, the trial court denied Appellant's Motion to Suppress.
On October 31, 2001, Appellant entered a plea of "no contest" to the counts in the indictment and was sentenced to three years under community control sanctions.
Appellant timely appealed, assigning the following error:
 ASSIGNMENT OF ERROR THE TRIAL COURT COMMITTED HARMFUL ERROR IN DENYING THE MOTION TO SUPPRESS FILED BY THE DEFENDANT-APPELLANT.
Appellant claims the trial court erred in denying his motion to suppress. We disagree.
There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 485; State v.Guysinger (1993), 86 Ohio App.3d 592. Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. State v. Williams (1993),86 Ohio App.3d 37. Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. When reviewing this type of claim, an appellate court must independently determine, without deference to the trial court's conclusion, whether the facts meet the appropriate legal standard in any given case. State v. Curry (1994), 95 Ohio App.3d 93; State v. Claytor
(1993), 85 Ohio App.3d 623; Guysinger. As the United States Supreme Court held in Ornelas v. U.S. (1996), 116 S.Ct. 1657, 1663, ". . . as a general matter determinations of reasonable suspicion and probable cause should be reviewed de novo on appeal." It is based on this standard that we review appellant's first assignment of error.
Specifically, Appellant claims that the police officers lacked sufficient exigent circumstances to enter the apartment without a warrant.
The existence of exigent circumstances permits police to enter into a residence without a warrant. Exigent circumstances is synonymous with an emergency, whether it be actual or ongoing. Mincey v. Arizona (1978),437 U.S. 385. In State v. Hyde (1971), 26 Ohio App.2d 32, 34, Judge Victor of the Ninth District Court of Appeals explained the following:
 `The right of the police to enter and investigate in an emergency without accompanying intent to either search or arrest is inherent in the very nature of their duties as peace officers. * * *.' United States v. Barone (C.C.A. 2), 330 F.2d 543, at 545.
* * *
 The present Chief Justice of the United States, speaking for the Court of Appeals for the District of Columbia, in the case of Wayne v. United States (D.C. Cir.), 318 F.2d 205, at 212, said:
 `Breaking into a home by force is not illegal if it is reasonable in the circumstances.' `The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent exigency or emergency.'
In State v. Overholser (July 25, 1997), Clark App. No. 96 CA 0073, unreported, a case factually similar to the one sub judice, the Second District Court of Appeals found exigent circumstances existed. InOverholser, police were dispatched on a security alarm call. Id. Upon arrival, the police observed that the rear door was unlocked but that the alarm had been deactivated. Id. The police officer called for and waited for backup before entering the home to check for possible suspects. Id. Upon entering the premises, the officers observed marijuana residue and drug paraphernalia. Id. The officers obtained a warrant based on their observations which resulted in seizure of same. Id. Upon review, the appellate court found said entry to be reasonable, based on exigent circumstances. Id.
We have previously recognized the existence of exigent circumstances where an officer entered a residence to check on the welfare of an occupant who may have been injured. State v. Burgess (Nov. 4, 1999), Licking App. No. CA 00035, unreported.
The facts presented sub judice clearly fall within this scope of coming to the aid of a potentially injured person. Faced with the damage to the rear door of Appellant's residence, i.e. the broken screen door, the open glass door and the broken locking mechanism, we find sufficient facts to qualify as exigent circumstances. The officers' entrance into the apartment without a warrant was legal.
Appellant also argues that the warrant in this cause was improvidently issued. Assuming, arguendo, that the trial judge lacked probable cause to issue the search warrant, we find that the evidence seized as a result of the search of appellant's residence and business would be admissible under the "good faith exception" to the Fourth Amendment exclusionary rule contained in United States v. Leon (1984), 468 U.S. 897 and adopted by the Ohio Supreme Court in State v. Wilmoth (1986), 22 Ohio St.3d 251. Under the "good faith exception", the Fourth Amendment exclusionary rule should not be applied so as to bar the use, in the prosecutions' case-in-chief, of evidence obtained by officers acting in objectively reasonable reliance on a search warrant issued by a detached and neutral magistrate or judge but ultimately found to be unsupported by probable cause George, supra. at 330, citing Leon, supra. at 918-923, 926. Such exception is based upon the reasoning that where official action was pursued in complete good faith, the deterrence rationale loses much of its force. George, supra. at 331, citing Leon, supra. at 919.
However, even under the "good faith exception" to the exclusionary rule, suppression of evidence is appropriate where any of the following occurs:
 (1) * * * the magistrate or judge * * * was misled by information in an affidavit that the affiant knew was false or would have known was false except for his reckless disregard of the truth * * *; (2) * * * the issuing magistrate wholly abandoned his judicial role * * *; (3) an officer purports to rely upon * * * a warrant based on an affidavit so lacking in indicia of probable cause as to render official belief in its existence entirely unreasonable; or (4) * * * depending on the circumstances of the particular case, a warrant may be so facially deficient — i.e. in failing to particularize the place to be searched or the things to be seized — that the executing officers cannot reasonably presume it to be valid. * * * Leon, supra. at 923.
In the case sub judice, there is absolutely no indication that the officer knowingly included false or misleading statements in his affidavit or that the trial court wholly abandoned its detached or neutral role. Nor was the affidavit in this matter so lacking in indicia of probable cause that a police officer's reliance on a warrant obtained on the basis of the same would be entirely unreasonable. Furthermore, the warrant in this matter was not so facially deficient that the "executing officers cannot reasonably presume it to be valid." In short, none of the circumstances set forth above existed in this case.
Accordingly, we find that the search of appellant's aparment falls squarely within the good faith exception to the exclusionary rule and should be upheld even if the warrant was lacking in probable cause.
Appellant's sole assignment of error is denied.
By: BOGGINS, J. HOFFMAN, P.J. and FARMER, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio is affirmed. Costs to Appellant.