DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Mary Rinard has appealed from her conviction in the Wayne County Court of Common Pleas of operating a vehicle under the influence of alcohol, in violation of R.C.4511.19(A)(1)(a), operating a vehicle with a prohibited breath alcohol content, in violation of R.C. 4511.19(A)(1)(e) and hit/skip, in violation of R.C. 4549.02. This Court affirms.
 I {¶ 2} On October 21, 2005, Defendant-Appellant Mary Rinard was cited for operating a vehicle under the influence of alcohol, operating a vehicle with a prohibited breath alcohol content and hit/skip. On October 25, 2005, Appellant entered "not guilty" pleas to all counts alleged in the citation. On December 7, 2005, Appellant filed a motion to suppress evidence. On January 10, 2006, the trial court overruled Appellant's motion to suppress evidence. On February 15, 2006, Appellant changed her plea to no contest to all charges. The trial court accepted her no contest pleas and found her guilty.
 {¶ 3} Appellant has timely appealed, asserting one assignment of error.
 II Assignment of Error
"THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN THE TRIAL COURT OVERRULED THE DEFENDANT APPELLANT'S MOTION TO SUPPRESS EVIDENCE IN VIOLATION OF THE DEFENDANT/APPELLANT'S [SIC] AS GUARANTEED BY THE FOURTH
AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 14 OF THE OHIO CONSTITUTION."
 {¶ 4} In her sole assignment of the error, Appellant has argued that the trial court erred when it overruled her motion to suppress evidence. Specifically, Appellant has argued that evidence against her was obtained through an unlawful warrantless entry into her home. This Court disagrees.
 {¶ 5} "A motion to suppress under the Fourth Amendment to the United States Constitution involves a mixed question of law and fact; as such, this Court defers to the trial court's findings of fact but conducts a de novo review of the trial court's application of the appropriate legal standard to those facts."State v. Hellriegel, 9th Dist. No. 22929, 2006-Ohio-3335, at ¶8, citing Ornelas v. United States (1996), 517 U.S. 690,696-97. Appellant has not challenged the factual findings of the trial court, and therefore, we must review de novo the trial court's application of those facts to the appropriate legal standard: whether the facts of the case justified the warrantless entry of the police into Appellant's home.
 {¶ 6} Regarding unreasonable searches and seizures, this Court has held that "[a]bsent exigent circumstances, a warrantless search or seizure effected in a home is per se unreasonable." State v. Carrigan, 9th Dist. No. 21612,2004-Ohio-827, at ¶ 10, citing State v. Jones, 9th Dist. No. 21158, 2003-Ohio-730, at ¶ 18. However, "[t]he Ohio Supreme Court has explicitly recognized seven exceptions to the requirement that a warrant be obtained prior to a search. Those exceptions are (a) [a] search incident to a lawful arrest; (b) consent signifying waiver of constitutional rights; (c) the stop-and-frisk doctrine; (d) hot pursuit; (e) probable cause to search, and the presence of exigent circumstances; * * * (f) the plain-view doctrine; or (g) an administrative search[.]" (Citations and Quotations omitted). State v. Price (1999), 134 Ohio App.3d 464, 468.
 {¶ 7} Exigent circumstances take many forms. "Although there is no precise list of all the exigent circumstances that might justify a warrantless search, exigent circumstances generally must include the necessity for immediate action that will `protect or preserve life or avoid serious injury,'" Id. quotingMincey v. Arizona (1978), 437 U.S. 385, 392. Necessarily, emergency situations also provide justification for a warrantless entry into a citizen's home. Carrigan at ¶ 10. See alsoMincey, 437 U.S. at 392. One such exigency or emergency situation which "obviate[es] the requirement of a warrant is the need to assist persons who are seriously injured or threatened with such injury." Brigham City v. Stuart (2006),126 S.Ct. 1943, 1947.
 {¶ 8} Further, we must note that "the ultimate touchstone of the Fourth Amendment is `reasonableness[.]'" Id., quoting Flippov. West Virginia (1999), 528 U.S. 11, 13. Generally, actions taken by the police are deemed reasonable under theFourth Amendment, "regardless of the individual officer's state of mind, `as long as the circumstances, viewed objectively, justify [the] action.'" (Emphasis in original). Id. at 1948, quotingScott v. United States, 436 U.S. 128, 138. Accordingly, "[t]he officer's subjective motivation is irrelevant" to our analysis. Id.
 {¶ 9} In the matter before us, we conclude that the police officer's warrantless entry into Appellant's home was justified because the circumstances reasonably indicated the possibility of an emergency situation: to wit, that Appellant was inside the home, seriously injured, and unable to respond. Appellant has argued that there are more objective facts which indicate that Appellant was not injured than indicate that she was possibly injured. We disagree based on the following.
 {¶ 10} On October 21, 2005, at approximately 8:21 p.m.,[1] Appellant left Leroy's Place bar and restaurant and collided head on with a sports utility vehicle that was stopped at the stop light. Appellant was driving a Volkswagen. Eyewitness Greg Angell testified that the Appellant struck the S.U.V. with such force that it drove the parked S.U.V. backwards several feet. Angell further testified that the impact of the collision caused Appellant's license plate to fall off of her vehicle. Appellant then drove off. Wooster Police arrived on scene, ran the license plate and dispatched Patrolman Hall to Appellant's home. Patrolman Hall was provided with the information gleaned from the scene of the accident.
 {¶ 11} Upon his arrival at Appellant's home, Patrolman Hall noticed that the garage door was open. He observed a Volkswagen with front end damage parked in the garage. At that time, Patrolman Hall noticed that the door from the garage to the residence was standing ajar. Patrolman Hall knocked on several doors and announced himself. He rang the front doorbell. He received no replies. At that point, Patrolman Hall called his supervisor, Sergeant Bolek for instructions. Sergeant Bolek directed Patrolman Hall to enter the home and check on Appellant's welfare.
 {¶ 12} We agree with the trial court's assessment that the above facts are more indicative of someone having just been in a head on collision, rushing into her house for assistance, possibly to call 911, and potentially falling unconscious, than are indicative of someone who was uninjured. This Court is mindful of the oddity of a person leaving the door to their residence wide open, at night, and failing to respond to a peace officer's inquiries as to their safety. Coupled with the knowledge that the resident had just been involved in a head on collision, this Court cannot find that Patrolman Hall acted unreasonably.
 {¶ 13} Appellant has argued that while the open door to her home may have appeared strange, it was not an invitation to Officer Hall to enter her residence. However, Officer Hall did not need an invitation, he needed an exigent circumstance or emergency situation, which we believe the circumstances suggested. Appellant has also argued that the fact that no one answered the door or responded to Officer Hall's persistent announcements did not indicate that somebody was injured inside. Appellant may be correct in this assertion, however, as a reviewing court we look at the entirety of the circumstances surrounding Officer Hall's decision to enter the home, not just snapshots of the situation. It is clear to this Court that the totality of the circumstances reasonably indicated that Appellant may be injured or in peril.
 {¶ 14} Further, Appellant has posited that "[f]or all Officer Hall knew at the scene, no-one was even in the house, let alone injured." This argument is unpersuasive and diminishes the gravity of the situation as it existed based on the facts. Patrolman Hall knew that the Volkswagen in the garage had, just minutes earlier, been involved in a head on collision. He knew that the door to the residence was wide open, and he knew that nobody responded to his calls. Moreover, Patrolman Hall is not saddled with the burden of actual knowledge of an emergency to justify a warrantless entry, only knowledge of circumstances that objectively and reasonably indicate the need for immediate action.
 {¶ 15} Based on the foregoing, Appellant's assignment of error lacks merit.
 III {¶ 16} Appellant's sole assignment of error is overruled. The judgment of the Wayne County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Municipal Court, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Carr, J. Moore, J. concur.
[1] Eyewitness Greg Angell testified that the police arrived at the scene of the crash within seven minutes of the time of the crash. The Wooster Police Department responded at 8:28 p.m.