DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 INTRODUCTION {¶ 1} Police officers found crack cocaine in a closet in Joe Gooden's apartment. The police had gone to the residence in response to a telephone call by an unidentified person who reported a fight with weapons and a woman being held against her will. The police did not obtain any information corroborating the informant's tip prior to entering the apartment without a warrant. Under these circumstances, the officers did not have a reasonable basis to associate an emergency with the location given by the anonymous caller. Without any corroborating evidence, the police did not have specific and articulable facts *Page 2 
sufficient to form an objectively reasonable belief that someone inside the apartment was in need of immediate aid. Therefore, the emergency aid exception to the warrant requirement did not apply. The trial court properly excluded the evidence obtained during the warrantless search of Mr. Gooden's apartment.
 FACTS {¶ 2} Akron police officer Joe Sidoti was dispatched to 315 South Maple Street, Apartment 422. He was told that a fight with weapons was occurring and that a woman was being held against her will. He was also told that the resident of that location, Joe Gooden, was known to carry a gun. Officer Sidoti responded to the dispatch along with his partner. Two other officers also appeared at the scene.
 {¶ 3} The officers knocked on the door, and Mr. Gooden opened it. Officers then performed a sweep of the residence looking for the female being held against her will. No such woman was found. During this sweep, however, the officers did find crack cocaine in a closet. Based upon that evidence, Mr. Gooden was charged with one count of possession of cocaine, a violation of section 2925.11 of the Ohio Revised Code. Mr. Gooden moved to suppress the evidence against him, and a hearing was held. The trial court granted Mr. Gooden's motion to suppress, and the State appealed.
 STANDARD OF REVIEW *Page 3 {¶ 4} A motion to suppress presents a mixed question of law and fact:
 When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.
State v. Burnside, 100 Ohio St. 3d 152, 2003-Ohio-5372, at ¶ 8
(citations omitted); but see State v. Metcalf, 9th Dist. No. 23600,2007-Ohio-4001, at ¶ 14 (Dickinson, J., concurring).
 EXIGENT CIRCUMSTANCES AND EMERGENCY AID {¶ 5} "A warrantless entry into a home to make a search or arrest is per se unreasonable, and the burden of persuasion is on the state to show the validity of the search." State v. Nields, 93 Ohio St. 3d 6, 15. Exigent circumstances, however, may justify a warrantless entry.State v. Applegate, 68 Ohio St. 3d 348, at syllabus. Exigent circumstances and emergency aid are not functional equivalents. See, e.g., People v. Davis, 442 Mich. 1, 25-26 (1993). This Court and others in Ohio, however, have often interchanged the two concepts. The United States Supreme Court has described the emergency aid exception as a subset of the exigent circumstances exception. See, generally, Utah v.Stuart, U.S., 126 S.Ct. 1943 (2006). "One exigency obviating the requirement of a warrant is the need to assist persons who are seriously injured or threatened with *Page 4 
such injury. `The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal'"Stuart, 126 S.Ct. at 1947 (quoting Mincey v. Arizona, 437 U.S. 385, 392
(1978)). For example, police would not be required to have a warrant or probable cause to break into a burning house to save occupants or extinguish a fire. Davis, 442 Mich. at 12-13 (citing Wayne v. UnitedStates, 115 U.S.App. D.C. 234, 241 (1963), cert. den., 375 U.S. 860
(1963) (Burger, C.J.)).
 {¶ 6} While subtle, the distinction between applying the broader term "exigent circumstances" or its narrower subset, "emergency aid," carries substantial importance. In order to search for evidence of a crime without a search warrant in an emergency situation, there must be probable cause in addition to "exigent circumstances." See State v.Sandor, 9th Dist. No. 23353, 2007-Ohio-1482, at ¶ 7 (citing State v.Marlow, 9th Dist. No. 17400, 1996 WL 84627, at *2 (Feb. 28, 1996)). In an emergency situation when someone is in need of immediate aid, however, the police are not searching for evidence of a crime, but for victims. Thus, the emergency aid exception allows officers to enter a dwelling without a warrant and without probable cause when they reasonably believe, based on specific and articulable facts, that a person within the dwelling is in need of immediate aid. Mincey v.Arizona, 437 ___U.S.___385, 392 (1978); People v. Davis, 442 Mich. 1,25-26 (1993). The key issue is whether the officers "had reasonable grounds to believe that some kind of emergency existed The officer must be *Page 5 
able to point to specific and articulable facts, which, taken with rational inferences from those facts, reasonably warrant intrusion into protected areas." Davis, 442 Mich. at 20 (citing 2 LaFave, Search 
Seizure, Section 6.6(a)); see also, State v. Letsche, 4th Dist. No. 02CA2693, 2003-Ohio-6942, at ¶ 29.
 {¶ 7} The test outlined in Davis and Letsche is in line with the view espoused by the Ohio Supreme Court in State v. Applegate,68 Ohio St. 3d 348, 350 (1994) and State v. Nields, 93 Ohio St. 3d 6, 16. InApplegate, the Ohio Supreme Court held that to justify a warrantless entry under what is generally termed the emergency aid exception, an officer must have a "reasonable belief that it was necessary to investigate an emergency threatening life and limb."68 Ohio St. 3d at 350. In Nields, the Ohio Supreme Court noted that officers may make warrantless entries when they "reasonably believe that a person within is in need of immediate aid." Nields, 93 Ohio St. 3d at 16 (quotingMincey v. Arizona, 437 ___U.S.___ 385, 391 (1978)).
 {¶ 8} One commonly noted factor in considering what constitutes an objectively reasonable belief that someone inside a house is in immediate need of aid is that "there must be some reasonable basis, approaching probable cause, to associate an emergency with the area or place to be searched." State v. Sandor, 9th Dist. No. 23353,2007-Ohio-1482, at ¶ 9 (quoting United States v. Rhiger, 315 F.3d 1283,1288 (10th Cir. 2003)). That is, there must be specific facts, discovered *Page 6 
prior to the warrantless entry, that would lead a prudent officer to the objectively reasonable belief that this is, in fact, the scene of an emergency.
 {¶ 9} The Ohio Supreme Court has held a warrantless entry justified "when police are there pursuant to an emergency call reporting domestic violence and where the officers hear sounds coming from inside the residence which are indicative of violence." State v. Applegate,68 Ohio St. 3d 348, at syllabus (1994). In Applegate, as the officers approached the house, they heard an "apparently angry male voice, yelling and arguing going on, and bumping noises which sounded as if furniture was being turned over." Id. at 348. Additionally, the United States Supreme Court has held that a warrantless entry was justified when police responded to an emergency call reporting a loud party and heard a fight occurring inside the house including "thumping and crashing" and "people yelling `stop, stop' and `get off me'" before they entered the backyard.Utah v. Stuart, ___U.S.___, 126 S.Ct. 1943, 1949 (2006). From there, the officers watched through a window as a juvenile in the kitchen punched an adult in the face. Id.; see also Root v. Gauper, 438 F.2d 361 (8th Cir. 1971) (as cited in Davis, 442 Mich. at 16) (holding the emergency aid exception did not justify a warrantless search when police entered the house after they were aware that the victim of the shooting had been removed.). If there is ongoing violence, apparent to the officers prior to entry, the emergency aid exception justifies entry without a warrant. *Page 7 
 {¶ 10} This Court has recently approvingly cited a three-prong test regarding warrantless entry in emergency situations:
 (1) law enforcement officers must have reasonable grounds to believe that there is immediate need to protect their lives or others or their property or that of others, (2) the search must not be motivated by an intent to arrest and seize evidence, and (3) there must be some reasonable basis, approaching probable cause, to associate an emergency with the area or place to be searched.
State v. Sandor, 9th Dist. No. 23353, 2007-Ohio-1482 at ¶ 9 (quotingUnited States v. Rhiger, 315 F.3d 1283, 1288 (10th Cir. 2003)). While this Court in Sandor referenced the broader category of exigent circumstances and required probable cause in addition to exigent circumstances, the three-prong test delineated is commonly referred to as the emergency aid exception. See Stuart, 126 S.Ct. at 1947-48
(compiling cases referencing the emergency aid exception to the warrant requirement). The emergency aid exception does not require probable cause. Moreover, the subjective element evidenced by the second prong of the above test has been abrogated by the United States Supreme Court.Id. at 1948. "The officer's subjective motivation is irrelevant."Id. (citing Bond v. United States, 529 U.S. 334, 338, n. 2 (2000)); see also State v. Rinard, 9th Dist. No. 06CA0017, 2006-Ohio-5633, at ¶ 8. The question is whether "the circumstances, viewed objectively justify [the] action." Stuart, 126 S.Ct. at 1948 (quoting Scott v. UnitedStates, 436 U.S. 128, 138 (1978) (emphasis added by the Court inStuart); See also Rinard, 2006-Ohio-5633, at ¶ 8. The first and third prongs of the test, however, deal with factors discussed above as important considerations for application of *Page 8 
the emergency aid exception. The officers must have reasonable grounds to believe there is an immediate need to act in order to protect lives or property and there must be some reasonable basis for associating an emergency with the location.
 AN ANONYMOUS CALL {¶ 11} Reasonable suspicion is often created from information that is insufficient to demonstrate probable cause. Alabama v. White,496 U.S. 325, 330 (1990). "[T]he Fourth Amendment[, however,] requires at least a minimal level of objective justification[.]" Illinois v. Wardlow,528 U.S. 119, 123 (2000). When the information is gained through a citizen's call to the police, the Ohio Supreme Court has identified several factors including "the informant's veracity, reliability and basis of knowledge" that are considered to be "highly relevant in determining the value of [the informant's] report." Maumee v. Weisner,87 Ohio St. 3d 295, 300, 299 (quoting Alabama v. White, 496 U.S. 325, 328 (1990)). In relation to identified citizens, anonymous informants are "comparatively unreliable." Id. (citing Alabama, 496 U.S. at 329). Thus, anonymous tips "will generally require independent police corroboration." Id. Other indicia of reliability, however, may increase the credibility of a tip offered by an anonymous informant. For instance, if the informant engages in extended discussion with police, describing a scene in detail as it unfolds before his eyes, his information will be considered more reliable. Id . at 301-302. *Page 9 
 {¶ 12} The facts in this case are undisputed. Officer Sidoti received information from his dispatcher. The identity of the caller providing this information was not included. As it is the State's burden to demonstrate that an exception to the warrant requirement applies, this Court assumes that the caller was anonymous. The caller reported that a fight with weapons was occurring and that a woman was being held against her will. The caller also told police that the resident of that location, Joe Gooden, was known to carry a gun. There is no evidence in the record regarding how the caller had gathered any of this information and no further detail was given.
 {¶ 13} Upon arriving at the apartment, officers did not see or hear anything that corroborated the information received from the anonymous caller. As officers approached the apartment, they heard no noise coming from inside and saw no physical evidence of an altercation. Mr. Gooden answered the door when officers knocked. The officer described nothing in Mr. Gooden's demeanor to suggest that he might be committing a crime. The officer did not describe seeing anything from the doorway that led him to believe a fight was occurring or that a woman was being held against her will. According to the record, there was nothing detected at that location that would lead the prudent officer to the objectively reasonable belief that the house was, in fact, the scene of any kind of emergency. See Applegate, 68 Ohio St. 3d 348, 348 (1994). *Page 10 
 {¶ 14} In State v. Rinard, 9th Dist. No. 06CA0017, 2006-Ohio-5633, this Court held a search justified by emergency circumstances when police arrived at the house of the owner of a car an eyewitness had reported as being in a high impact, head-on collision with a parked vehicle just moments earlier. Upon arrival, the police saw a car with front-end damage matching the description given in the eyewitness report. The officer also noticed both the garage door and the door from the garage into the house were open, which seemed odd late at night. After several attempts to announce himself at the open garage door, the officer rang the front doorbell. When he received no response, the officer entered the house through the open door. This Court held that the circumstances reasonably indicated that someone inside the home may have been involved in a recent collision and may have been injured and in need of assistance. Id. at ¶ 12. In this case, there are no similar specific and articulable facts supporting a reasonable belief that this was the scene of an emergency. Prior to the warrantless entry, the officers did not see or hear anything indicative of violence or any other emergency situation.
 {¶ 15} The State has cited this Court's opinion in State v.Chiampo, 9th Dist. No. 02CA0042, 2003-Ohio-2422, for the proposition that "police may enter a home without a warrant where they reasonably believe that they are responding to an emergency." In Chiampo, officers were responding to a domestic violence call for help. When the defendant's wife answered the door, the officers could see that *Page 11 
both the defendant's wife and daughter were crying. This Court held that the officer had reasonable grounds to believe that an emergency existed inside the residence. Id. at ¶ 6.
 {¶ 16} This Court in Chiampo cited to the earlier decision of this Court in State v. Hyde, 26 Ohio App. 2d 32 (1971). In that case, officers responded to a call from "an hysterical woman" requesting the police at her residence. Id. at 32. When officers arrived, they "heard loud voices and screaming coming from inside the house." Id. at 33. Additionally, there was a young woman crying on the front porch. She told the officers to "[g]et inside, there is trouble in there!"Id. The officers then entered the home and saw the defendant standing with a woman on each side of him attempting to hold his arms. This Court held these circumstances sufficient to justify a warrantless entry based on the emergency aid exception. Id. at 34. Each of these cases is distinguishable from this case, however, on the basis of the corroborating information gathered by officers upon arrival at the scene. In this case, the officers did not gather any corroborating information prior to making the warrantless entry into Mr. Gooden's apartment.
 {¶ 17} In this case, the State has failed to carry its burden of showing that an exception to the warrant requirement applied. The State has not shown that the officers in this case had reasonable grounds to believe that anyone within that apartment was in need of immediate aid. The sum total of the information officers had prior to entering the house came from one apparently brief anonymous phone *Page 12 
call. That call did not carry sufficient indicia of reliability to justify a warrantless entry without any corroborating information that could have given the prudent officer a reasonable basis to associate an emergency with that location. The officers, therefore, were not justified in entering the apartment without a warrant. The State's sole assignment of error is overruled.
 CONCLUSION {¶ 18} The trial court did not err in suppressing the evidence obtained during the warrantless search of Mr. Gooden's apartment. The officers' search was not based on an objectively reasonable belief that someone inside was in need of immediate assistance. The State's sole assignment of error is overruled, and the judgment of the Summit County Common Pleas Court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of *Page 13 
Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.