[Cite as *Strongsville v. Rodriguez*, 2016-Ohio-201.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 102526

CITY OF STRONGSVILLE

PLAINTIFF-APPELLEE

vs.

HERBERT L. RODRIGUEZ

DEFENDANT-APPELLANT

JUDGMENT:
AFFIRMED

Criminal Appeal from the
Berea Municipal Court
Case No. 14 TRC 02527

BEFORE:  E.T. Gallagher, J., Celebrezze, P.J., and Laster Mays, J.

RELEASED AND JOURNALIZED: January 21, 2016

**ATTORNEYS FOR APPELLANT**

Mark Gardner
526 Superior Avenue
Suite 1130
Cleveland, Ohio 44114

Erin R. Flanagan
Erin R. Flanagan, Esq., Ltd.
75 Public Square, Suite 1325
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

George F. Lonjak
City of Strongsville Prosecutor
614 West Superior Avenue
Suite 1310
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Herbert L. Rodriguez ("Rodriguez"), appeals the denial of his motion to suppress evidence acquired during a routine traffic stop. He assigns one error for review:

> 1. The trial court erred to Mr. Rodriguez's prejudice in its denial of his Motion to Suppress, because Trooper Daniel J. Jones, Jr. ("Trooper Jones") had no reasonable suspicion to conduct an investigatory stop of Mr. Rodriguez under R.C. 4511.33.

{¶2} We find no merit to the appeal and affirm the trial court's judgment.

## I. Facts and Procedural History

{¶3} Rodriguez was charged with operating a vehicle under the influence ("OVI"), in violation of R.C. 4511.19(A)(1), OVI with a blood alcohol content ("BAC") of .17 or higher, in violation of R.C. 4511.19(A)(1)(h), and a marked lanes offense, in violation of Strongsville Codified Ordinances 432.08(a). Rodriguez filed a motion to suppress evidence of his BAC and all other evidence police obtained as a result of a traffic stop on I-71, just south of Route 82. The trial court held a hearing on the motion, which was recorded but the recording was inaudible and could not be transcribed. The parties, however, filed an agreed statement of facts as the record on appeal pursuant to App.R. 9(D).

{¶4} According to the agreed statement of facts, Trooper Jones was traveling southbound on I-71 during rush hour, when he observed Rodriguez's vehicle pointed in a southbound direction, on the grass approximately five feet off the right shoulder of I-71. The car was angled at approximately 45 degrees from the roadway. As Trooper Jones approached Rodriguez, he

observed the wheels on Rodriguez's car spin in the grass before proceeding onto the road where it merged with southbound traffic without incident.

{¶5} Trooper Jones admitted he had no knowledge as to why Rodriguez's car was stopped next to the road. He thought Rodriguez could have been in trouble, he could have been urinating, or something else. However, because Trooper Jones thought the position of Rodriguez's vehicle was "odd," he activated his overhead lights and initiated a traffic stop, even though he did not see any traffic violations other than a vehicle resting off the berm, outside of the marked lane lines. During the stop, Trooper Jones observed signs of intoxication and arrested Rodriguez for OVI.

{¶6} Based on this evidence, the trial court denied Rodriguez's motion to suppress, and Rodriguez pleaded guilty to one count of OVI. The remaining charges were nolled. The court sentenced Rodriguez to 20 days in jail, a suspension of his driver's license for 730 days, a fine of $700, and costs. Rodriguez now appeals the denial of his motion to suppress.

## II. Law and Analysis

{¶7} In his sole assignment of error, Rodriguez asserts Trooper Jones lacked the necessary reasonable suspicion to lawfully stop his vehicle. He contends he did not commit any traffic violations that would have warranted a traffic stop. More specifically, Rodriguez argues there is no evidence to prove that he committed the "marked lanes" violation for which he was cited.

{¶8} A traffic stop constitutes a seizure and implicates Fourth Amendment protections. *Delaware v. Prouse*, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Nevertheless, a warrantless traffic stop is constitutionally valid if the officer making the stop has "a reasonable suspicion," based on specific and articulable facts, that "criminal activity may be afoot." *Terry*

*v. Ohio*, 392 U.S. 1, 30, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1967); *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-4539, 894 N.E.2d 1204, syllabus.

**{¶9}** Reasonable suspicion for a "*Terry* stop" requires something more than an "inchoate and unparticularized suspicion or 'hunch.'" *Terry* at 27. The propriety of an investigative stop must be viewed in light of the totality of the circumstances "as viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold." *State v. Andrews*, 57 Ohio St.3d 86, 87-88, 565 N.E.2d 1271 (1991).

**{¶10}** Rodriguez was cited for a marked lanes offense in violation of Strongsville Codified Ordinances 432.08(a). Strongsville Codified Ordinances 432.08(a), adopts the language in R.C. 4511.33, and states, in relevant part:

(A) Whenever any roadway has been divided into two or more clearly marked lanes for traffic, or wherever within municipal corporations traffic is lawfully moving in two or more substantially continuous lines in the same direction, the following rules apply:

(1) A vehicle or trackless trolley shall be driven, as nearly as is practicable, entirely within a single lane or line of traffic and shall not be moved from such lane or line until the driver has first ascertained that such movement can be made with safety.

**{¶11}** Although Trooper Jones did not see Rodriguez leave his lane of travel to exit the roadway and, therefore, cannot say whether he first ascertained that his exit could be made with safety, he is not required to make that determination before making the stop. In *State v. Mays*, 119 Ohio St.3d 406, 2008-Ohio-2807, 894 N.E.2d 1204, the defendant argued that a state trooper lacked reasonable suspicion to stop his car "because there was no reason to suspect that he had

failed to first ascertain that leaving the lane could be done safely." The Ohio Supreme Court rejected this argument and explained:

> R.C. 4511.33 does provide for certain circumstances in which a driver can cross a lane line without violation of the statute. However, the question of whether appellant might have a possible defense to a charge of violating R.C. 4511.33 is irrelevant in our analysis of whether an officer has a reasonable and articulable suspicion to initiate a traffic stop. An officer is not required to determine whether someone who has been observed committing a crime might have a legal defense to the charge.

*Mays* at ¶ 18. *See also State v. Hodge*, 147 Ohio App.3d 550, 2002-Ohio-3053, 771 N.E.2d 331 (7th Dist.).

{¶12} Although Trooper Jones did not witness Rodriguez's vehicle cross over the lane lines, he could reasonably infer that a lanes violation occurred based on the fact that Rodriguez's car was stopped outside the lanes of travel in a grassy area next to the road. The vehicle could not reach that location without crossing over marked lane lines on the road. Under the Supreme Court's holding in *Mays*, Trooper Jones was permitted to stop Rodriguez for the lanes violation without regard to whether Rodriguez may have a defense to such a charge. Therefore, Trooper Jones had a reasonable and articulable suspicion that Rodriguez violated R.C. 4511.33, and after speaking with Rodriguez, he had probable cause to arrest Rodriguez for OVI. We find no error in the trooper's actions, and the trial court properly overruled Rodriguez's motion to suppress.

{¶13} The sole assignment of error is overruled.

{¶14} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

FRANK D. CELEBREZZE, JR., P.J., CONCURS;
ANITA LASTER MAYS, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

ANITA LASTER MAYS, J., CONCURRING IN JUDGMENT ONLY:

{¶15} I concur with the majority's conclusion that Trooper Jones was justified in stopping Rodriguez without a warrant, but on different grounds. I would find the stop was justified based upon Trooper Jones's reasonable belief that there was a need for immediate aid and assistance.

{¶16} A traffic stop constitutes a seizure of a person under the Fourth Amendment of the United States Constitution. *Whren v. United States*, 517 U.S. 806, 809-810, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996). To justify a particular intrusion, a "police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." *Terry*, 392 U.S. 1, 21, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Determination of whether reasonable suspicion exists in any given case requires review of the totality of the surrounding facts and circumstances. *State v. Bobo*, 37 Ohio St.3d 177, 524 N.E.2d 489 (1988), paragraph one of the syllabus. Those circumstances must be viewed through the eyes of the reasonable and prudent police officer on the scene who must react to events as they unfold. *State v. Andrews*, 57 Ohio St.3d 86, 89, 565 N.E.2d 1271 (1991).

{¶17}    There are also circumstances, however, that allow warrantless entries and searches for the public interest, to protect or preserve life where a reasonable belief exists on the part of the officer that there is a need for immediate aid and assistance:

> "'The need to protect or preserve life or avoid serious injury is justification for what would be otherwise illegal absent an exigency or emergency.'"  [*State v.*]*Dunn*[, 131 Ohio St.3d 325, 2012-Ohio-1008, 964 N.E.2d 1037], ¶18, quoting *Wayne v. United States*, 318 F.2d 205, 212, 115 U.S. App. D.C. 234 (D.C.Cir.1963) (the community-caretaking/emergency-aid exception allows a law-enforcement officer to act without a warrant when the officer has objectively reasonable grounds to believe that there is an immediate need for the officer's assistance to protect life or prevent serious injury); [*State v. *]*Hyde*[, 26 Ohio App.2d 32, 33, 268 N.E.2d 820 (9th Dist.1971) (the emergency-aid exception to the warrant requirement is satisfied by a showing the police officers had reasonable grounds to believe that some kind of emergency existed).  "The ultimate standard set forth in the Fourth Amendment is reasonableness."  *Cady v. Dombrowski*, 413 U.S. 433, 439, 93 S.Ct. 2523, 37 L.Ed.2d 706 (1973). "Reasonable belief is assessed from the facts and circumstances known to the officers, and from their point of view."  *Lakewood v. Simpson*, 8th Dist. Cuyahoga No. 80383, 2002-Ohio-4086, ¶ 14, citing *State v. Robinson*, 103 Ohio App.3d 490, 496, 659 N.E.2d 1292 (1st Dist.1995).

*State v. Wagner*, 8th Dist. Cuyahoga No. 101153, 2014-Ohio-5548, ¶ 15.

{¶18}    The video supports the agreed statement of facts submitted to the court.  The video depicts Trooper Jones's vehicle turning around and entering  I-71 southbound from the median.  Rodriguez's vehicle is observed to be at an angle, about five feet off of the highway berm, with tires spinning in the grass and mud, attempting to access the paved berm to enter the highway traffic.  The vehicle was on the grass at a peculiar angle, well off of the berm area normally accessed for emergencies.

{¶19} Trooper Jones slowed down and pulled onto the berm ahead of Rodriguez who by then was able to enter the highway and passed Trooper Jones.   The trooper promptly accelerated and entered the highway immediately behind Rodriguez with siren and lights activated. Rodriguez pulled over.

**{¶20}** Trooper Jones walked to Rodriguez's vehicle and inquired, "How're you doing?" This exchange is clearly audible on the video and substantiates the position set forth in the agreed statement that Trooper Jones was concerned about Rodriguez's condition, based on his observations, a position that is objectively reasonable in light of the unusual off-road and off-berm position of the vehicle and spinning wheels as it attempted to re-enter the highway:

> Thus, we hold that the community-caretaking/emergency-aid exception to the Fourth Amendment warrant requirement allows police officers to stop a person to render aid if they reasonably believe that there is an immediate need for their assistance to protect life or prevent serious injury.

*State v. Dunn*, 131 Ohio St.3d 325, 2012-Ohio-1008, 964 N.E.2d 1037, ¶ 22.

**{¶21}** Trooper Jones reasonably believed that there was an immediate need for assistance and was therefore allowed to stop Rodriguez to render aid.

**{¶22}** For that reason, I would affirm the trial court's judgment denying Rodriguez's motion to suppress and finding that the community-caretaking exception applies here rendering Rodriguez's argument as to the validity of the stop pursuant to R.C. 4511.33 unpersuasive.